CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

May 19, 2010

Michael D. Steinhardt, Esq.
7711 Quarterfield Road
Glen Burnie, MD 21061

Allen F. Loucks, AUSA
36 South Charles Street
4th Floor
Baltimore, MD 21201

**Re: Juanita Fontz v. Michael J. Astrue, Commissioner of Social Security, PWG-09-740**

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Ms. Fontz's claim for Disability Insurance Benefits ("DIB"). (Papers No. 6,10,11). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6. For the reasons that follow, this Court **DENIES** the Plaintiff's Motion and **GRANTS** the Commissioner's Motion.

Ms. Fontz (sometimes referred to as "Claimant") filed an application for DIB on March 26, 2004, alleging that she became disabled on March 1, 2003, due to pain in her left knee, right arm, elbow and wrist, and depression. (Tr. 19, 68). After her claim was denied initially and on reconsideration, a hearing was held before an Administrative Law Judge ("ALJ"), the Honorable Robert W. Young on July 5, 2006. (Tr. 31-40,430-468). In a decision dated January 11, 2007, the ALJ found that although her right forearm tendonitis, arthritis of the left knee with associated pain and depression were "severe impairments", they did not meet or equal a listed impairment. The ALJ also found that Claimant retained the residual functional capacity ("RFC") to perform a range of unskilled light work[1]. The ALJ then found based on her RFC the Claimant was able

---

[1]The ALJ found the Claimant's RFC was as follows: she could sit up to six hours in an eight-hour workday, stand and walk up to six hours in an eight-hour workday, lift weights of up to ten pounds frequently and twenty pounds occasionally and push pull

to perform her past relevant work ("PRW") as a toll collector after receiving testimony from a vocational expert ("VE"). Accordingly the ALJ denied Ms. Fontz's claim. (Tr. 17-25). On February 5, 2009, the Appeals Council denied Ms. Fontz's request for review, making the ALJ's decision the final, reviewable decision of the Commissioner.(Tr. 6-9). This appeal followed.

The Commissioner's decision must be upheld if supported by substantial evidence which is more than a scintilla, but less than a preponderance, and sufficient to support a conclusion in a reasonable mind. *See* 42 U.S.C. §405(g) (1998); see also *King v. Califano*, 599 F.2d 597 (4th Cir. 1979);*Teague v. Califano*, 560 F.2d 615 (4th Cir. 1977); *Laws v. Celebrezze* , 368 F.2d 640 (4th Cir. 1966). This Court may not weigh conflicting evidence, determine credibility, or substitute its judgment for the Commissioner's. *See Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). Although deferential, this standard of review does not require acceptance of a determination by the Commissioner which applies an improper standard, or misapplies the law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Following its review this Court may affirm, modify or reverse the Commissioner, with or without a remand. *See* 42 U.S.C.§405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

Claimant presents several arguments in support of her contention that the ALJ's decision is not supported by substantial evidence. For the reasons that follow, I disagree and AFFIRM the ALJ's decision.

First, Claimant argues that the ALJ failed to identify and resolve conflicts between the vocational expert ("VE") testimony and the Dictionary of Occupational Titles ("DOT"). Claimant argues that the ALJ had an affirmative duty to inquire about and resolve any potential conflicts between the VE's testimony and the DOT pursuant to Social Security Ruling ("SSR") 00-4p (2000 WL 1898704). I find this argument unpersuasive. SSR 00-4p, in relevant part, states that when a VE provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between the VE testimony and information provided in the DOT. *See* SSR 00-4p (2000 WL 1898704, *4). However, the Claimant does not cite--and the Court fails to find- any evidence that the VE's testimony in this case conflicted with the DOT. *See* SSR 00-4p (2000 WL 1898704, *2)(when there is an **apparent** unresolved conflict between VE evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying

---

without restriction. Nonexteriorally due to her depression, personality disorder and subjective complaints of pain, she was limited to performing simple, routine unskilled tasks (Tr. 21).

2

on the VE evidence)(emphasis added).(Tr. 62-68). In this case the VE testified that the toll collector position had an Specific Vocational Preparation "SVP" of 2. The DOT reflects a toll collector SVP rating is 2 and therefore, contrary to Claimant's argument, there is no conflict between the testimony given and the DOT.

Claimant also cites the DOT's description of toll collector requiring a "reasoning level" of 3 and argues that this reasoning level precludes one who is limited to simple unskilled work. As defined in the DOT, reasoning level 3 requires:

> 03 LEVEL REASONING DEVELOPMENT Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations.
>
> DOT Appendix C, Components of the Definition Trailer www.oalj.dol.gov.

There is no evidence that Ms. Fontz was unable to perform work that required "commonsense understanding to carry out instructions". Rather, on two separate occasions the examining psychiatrist, Dr. Fligsten, noted that Ms. Fontz could follow instructions independently. (Tr. 275, 328). This evidence seriously undermines her argument that her limitation to simple unskilled work prohibits her performing her past relevant work as a toll collector.

Claimant also argues that the ALJ erred by relying on the opinions of the non-examining State Agency physicians, Dr. Philip J. Moore and Dr. Chad Nelson. (Tr. 330-337, 341-358). I disagree. SSR 96-6p provides that an ALJ may afford great weight to non-examining state agency physicians' opinions.[2] The ALJ adequately discussed the reasons for affording the State Agency physicians' opinions controlling weight. (Tr. 23). Dr. Chad Nelson's assessment stated, *inter alia,* that Claimant was "moderately" limited in her ability to maintain attention concentration, persistence and pace, which are consistent with the ALJ's findings and hypotheticals. (Tr. 351). Furthermore, these moderate limitations were clearly conveyed to the VE by the

---

[2] SSR 96-6p, in relevant part, states:*3 In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists **may be entitled to greater weight than the opinions of treating or** examining sources. SSR 96-6P, 1996 WL 374180 at *2*3(S.S.A.)(emphasis added).

3

ALJ in his hypothetical[3]. (Tr. 462-463). When viewed in its entirety, as is required, the evidence in the record supports the ALJ's determination to afford considerable weight to the DDS physician's assessments. In sum, the ALJ provided adequate explanation for his decision to afford great weight to the DDS doctors' opinions. (Tr. 23).

Ms. Fontz also argues that there is no medical support for the ALJ's determination of her RFC and the ALJ erred by failing to consider properly the opinions of her treating physician, Dr. Surya Mundra. For the reasons that follow, I find her arguments without merit. A treating physician's opinion is given controlling weight when two conditions are met 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques and 2) it is consistent with other substantial evidence in the record. *See Craig v. Chater,* 76 F.3d 585 (4th Cir. 1996); *see also* 20 CFR §416.927(d)(2). While treating source opinions on issues reserved to the Commissioner --such as determining a Claimant's RFC--are not entitled to controlling weight, the ALJ must still evaluate all of the evidence in the case record to determine the extent to which the physician's opinion is supported by the record as a whole. In this case, I find that the ALJ fulfilled this duty.

The ALJ discussed Dr. Mundra's opinions at length and did not "summarily dismiss them" in determining whether she was disabled as Claimant alleges. (Tr. 22-24). Rather the ALJ found that Dr. Mudra's opinions were entitled to no more than "limited weight", because they were internally inconsistent and not supported by the records or treatment notes. (Tr. 22-24). Claimant bears the burden of production and proof through the first four steps of the evaluation process. *Pass v. Chater*, 65 F.3d 1200 (4th Cir. 1995). After careful review of the record in this case I find that Claimant failed to meet her burden and the ALJ's decision that she is not disabled is supported by substantial evidence. For example, Dr. Mundra's notes in 2006 stated that, "generally she feels well except for the right upper

---

[3]The hypothetical, in pertinent part, included the following limitations:"... Assuming I found Exhibit 21F with correct reflection of physical residual functional capacity which indicates occasionally lifting 20 pounds, frequently of 10, stand and walk about six hours unlimited pushing and pulling no postural or other limitations given on that form. We also have some non-exertional limitations....moderate difficulties maintaining social functioning and difficulty in maintaining concentration persistence and pace as found in Exhibit 23 F which would limit her to fairly routine unskilled tasks." (Tr. 461).

4

extremity pain which she thinks she needs something more than the usual Advil." (Tr. 393). Likewise, the consultative psychiatric examiner's report reveals that Claimant was able to get along with other people okay, and that she "could relate" to co-workers and supervisors, and cared for her own personal needs. (Tr. 327-328). This evidence seriously undermines the treating physician's unsupported opinions. When viewed in it's entirety, as is required, the evidence in the record supports the ALJ's determination to afford little weight to Dr. Mundra's opinion.

Therefore, I am **DENYING** Plaintiff's Motion for Summary Judgment, and **GRANTING** Defendant's Motion for Summary Judgment. A separate Order shall issue.

DATED: 5/19/10 \_\_\_/s/_____
Paul W. Grimm
United States Magistrate Judge